MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ARVON J. PERTEET (CABN 242828)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California, 94102-3495
    Telephone: 415-436-6598
    Fascimile:   415-436-7234
    E-Mail: arvon.perteet@usdpj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>    Plaintiff, </br></br>v. </br></br>$160,302.98 IN FUNDS SEIZED FROM WELLS FARGO BANK ACCT. # XXXXXX0819, </br></br>    Defendant. | No. CV 11-1024 WHA </br></br>CASE MANAGEMENT STATEMENT AND ORDER CONTINUING CMC </br>CMC Date:  June 23, 2011 </br>Time:         3:00 p.m. </br>Location:   19th Floor |

Plaintiff, United States of America respectfully submits this Case Management Statement.

**1. Jurisdiction and Service**

The seizure and forfeiture are authorized by 31 U.S.C. § 5324(a)(1) and (3), 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 984. There are no counterclaims. Plaintiff has served notice of this action on all persons who may have an interest in the property, including the following: Nicolas Munoz and Yolanda Munoz.

**2. Facts**

This is a forfeiture action. The defendant funds were seized pursuant to a federal seizure warrant signed by the Honorable Patricia V. Trumbull, United States Magistrate Judge. The

CASE MANAGEMENT STATEMENT
**CV-**1024 WHA

defendant funds were seized based on structuring of cash deposits into a Wells Fargo Bank account held in the name of Yolanda Munoz from January 19, 2010 to February 17, 2010 in violation of 31 U.S.C. §§ 5324(a)(1) and (3).

**3. Legal Issues**

The principal factual and legal issues in dispute are: 1) whether plaintiff can establish by a preponderance of the evidence that the defendant funds are funds involved in or traceable to the intent to evade the reporting requirements of section 5313(a), or any regulation prescribed under that section and 2) whether any claimant can establish by a preponderance of the evidence that he/she is the innocent owner of the defendant funds.

**4. Motions**

The United States intends to move for a stay of the proceedings as there is an ongoing criminal investigation involving the defendant funds and a potential claimant of the defendant funds. Additionally, the Government intends to move for summary judgment once it has completed its discovery.

**5. Amendment of Pleadings**

None at this time.

**6. Evidence Preservation**

The United States is not aware of any voice mails or other electronically-recorded material that needs to be preserved.

**7. Disclosures**

No disclosures have been required at this time.

**8. Discovery**

This is an in rem forfeiture case and is exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26 (a)(l)(B)(ii). Parties intend on propounding requests for production of documents, requests for admissions, interrogatories, and possibly noticing deposition.

**9. Class Actions**

This case will not involve a class action certification.

CASE MANAGEMENT STATEMENT
**CV-**1024 WHA

**10. Related Cases**

There is no filed related case at this time.  However, there is an ongoing criminal investigation in the Northern District of California related to the defendant funds.

**11. Relief**

Plaintiff seeks a judgment of forfeiture of the defendant funds. This is not a damages case.

**12. Settlement and ADR**

The Government is not seeking settlement or ADR at this time.

**13. Consent to Magistrate Judge For All Purposes**

The Government does not consent to Magistrate Jurisdiction.

**14. Other references**

The Government does not request a referral to arbitration.

**15. Narrowing of Issues**

The Government is not in a position to stipulate to facts or narrow the issues at this time. The Government is  willing to revisit this issue with the Court once discovery has been undertaken.

**16. Expedited Schedule**

The Government has not undertaken discovery at this time. The United States does not seek to have an expedited schedule.

**17. Scheduling**

The Government is asking that the Case Management Conference currently schedule be continued for 90 days as the Government has provided the potential claimants with an extension to file their claim and answer until August, 2011.

**18. Trial**

The United States will be requesting a Jury trial.  The length of trial is yet to be determined.

**19. Disclosure of Non-Party Interested Entities or Persons**

None expected at this time.

//

//

CASE MANAGEMENT STATEMENT
**CV-**1024 WHA

**20. Other Matters.**

There is an ongoing criminal investigation and the Government is requesting that the case management conference currently scheduled for June 23, 2011 at 3:00 p.m. be continued for 90 days. If the Court so requires, the Government is prepared to file a formal motion requesting a stay of the proceeds and discovery pursuant to 18 U.S.C. § 981(g)(1).

Dated: June 13, 2011                                  /S/_____
                                                      ARVON J. PERTEET
                                                      Assistant United States Attorney

ORDER

SO GRANTED. The case management conference is continued to September 15, 2011, at 3:00 p.m.

Dated: June 16, 2011.



CASE MANAGEMENT STATEMENT
**CV-**1024 WHA