MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ARVON J. PERTEET (CABN 242828)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California, 94102-3495
    Telephone: 415-436-6598
    Fascimile:   415-436-7234
    E-Mail: arvon.perteet@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> $160,302.98 IN FUNDS SEIZED FROM ) <br> WELLS FARGO BANK ACCT. # ) <br> XXXXXX0819, ) <br> ) <br>     Defendant. ) <br> ) | No. CV 11-1024 WHA <br><br> STIPULATED REQUEST FOR STAY AND [PROPOSED] ORDER <br><br> CMC Date:    December 8, 2011 <br> Time:           11:00 a.m. <br> Location:     19th Floor |

    1. IT IS HEREBY STIPULATED by and between Plaintiff UNITED STATES OF AMERICA and Claimant NICOLAS MUNOZ, through their respective counsel, and Claimant YOLANDA MUNOZ that this matter be stayed pursuant to 18 U.S.C. §§ 981(g)(1) and (2).

    2. There exists a related federal criminal investigation of Claimant Nicolas Munoz.. The issues in that investigation are related to this forfeiture proceeding, and the witnesses and evidence are virtually identical.

    3. If this case were to proceed, civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or to prosecute a related criminal case. 18

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA

U.S.C. § 981(g)(1).[1] Additionally, If this case were to proceed, Nicolas Munoz's Fifth Amendment right against self-incrimination will be burdened in the related criminal case.

    4. In the instant case, the complaint alleges that a seizure warrant was executed upon the

---

[1] Title 18 U.S.C. § 981(g), which became effective August 23, 2000, provides as follows:

(1)     Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case. (Continued from previous page)

(2)     Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant, if the court determines that–

    (A)     the claimant is the subject of a related criminal investigation or case;
    (B)     the claimant has standing to assert a claim in the civil forfeiture proceeding; and
    (C)     continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

(3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

(5) In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.

(6) Whenever a civil forfeiture proceeding is stayed pursuant to this subsection, the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect.

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA

1 defendant bank account and the deposits in the account were made by Claimant Nicolas Munoz.
2 Even though criminal charges have not yet been filed against Nicolas Munoz with respect to the
3 alleged structured deposits of the defendant funds, the Government has made Nicolas Munoz
4 aware of the ongoing criminal investigation related to the defendant funds and Nicolas Munoz's
5 activities related to the defendant funds. Additionally, Nicolas Munoz is currently indicted in
6 *United States v. Nicholas Munoz et al*, (CR 11-0500 SI), United States District Court, in the
7 Northern District of California.

8     5. Pursuant to the above representations, and the provisions of 18 U.S.C. §§ 981(g)(1) and
9 (2), the parties hereby stipulate and agree to stay this civil forfeiture proceeding relating to the
10 defendant funds until the federal criminal investigation is completed, or until both parties agree
11 and stipulate that the stay be lifted, pursuant to 18 U.S.C. §§ 981(g)(1) and (2).

12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA

6. The parties further stipulate and agree that they request this Court also vacate the presently scheduled Case Management Conference of December 8, 2011, 11:00 a.m.

IT IS SO STIPULATED:

Dated: November 30, 2011  /S/ *Arvon J. Perteet*
ARVON J. PERTEET
Assistant United States Attorney

Dated: November 30 , 2011  /S/ *William Kimball*
WILLIAM KIMBALL
Attorney for Claimant Nicolas Munoz

Dated: November 30, 2011  /S/ *Yolanda Munoz*
YOLANDA MUNOZ
Claimant

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA

## [PROPOSED] ORDER

IT IS SO ORDERED on this ____1st____ day of ___December___ 2011, that this civil forfeiture proceeding be stayed until the completion of the criminal investigation or until such earlier time as both parties agree or stipulate, or this Court, may request that the matter be heard.

IT IS FURTHER ORDERED that the presently scheduled Case Management Conference of December 8, 2011, at 11:00 a.m. is vacated.  A further case managment conference will held on March 29, 2012, at 11:00 a.m.

Dated: December 1, 2011.

_____
William Alsup
UNITED STATES DISTRICT JUDGE

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA