1  MELINDA HAAG (CABN 132612)
   United States Attorney

2

3  MIRANDA KANE (CABN 150630)
   Chief, Criminal Division

4  ARVON J. PERTEET (CABN 242828)
   Assistant United States Attorney

5

6  450 Golden Gate Avenue, Box 36055
   San Francisco, California, 94102-3495
   Telephone: 415-436-6598

7  Fascimile:   415-436-7234
   E-Mail: arvon.perteet@usdoj.gov

8  Attorneys for Plaintiff

9

10                   UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

   UNITED STATES OF AMERICA,          )     No. CV 11-1024 WHA
14                                     )
          Plaintiff,                   )     STIPULATED REQUEST FOR STAY
15                                     )     AND [PROPOSED] ORDER
      v.                               )
16                                     )     CMC Date:    December 8, 2011
   $160,302.98 IN FUNDS SEIZED FROM    )     Time:        11:00 a.m.
17 WELLS FARGO BANK ACCT. #            )     Location:    19th Floor
   XXXXXX0819,                         )
18                                     )
          Defendant.                   )
19  _____)

20     1. IT IS HEREBY STIPULATED by and between Plaintiff UNITED STATES OF

21 AMERICA and Claimant NICOLAS MUNOZ, through their respective counsel, and Claimant

22 YOLANDA MUNOZ that this matter be stayed pursuant to 18 U.S.C. §§ 981(g)(1) and (2).

23     2. There exists a related federal criminal investigation of Claimant Nicolas Munoz.. The

24 issues in that investigation are related to this forfeiture proceeding, and the witnesses and

25 evidence are virtually identical.

26     3.  If this case were to proceed,  civil discovery will adversely affect the ability of the

27 Government to conduct a related criminal investigation or to prosecute a related criminal case. 18

28

   STIPULATED REQUEST FOR STAY
   CV 11-1024 WHA

1  U.S.C. § 981(g)(1).[1]  Additionally, If this case were to proceed, Nicolas Munoz's Fifth

2  Amendment right against self-incrimination will be burdened in the related criminal case.

3     4.  In the instant case, the complaint alleges that a seizure warrant was executed upon the

5     [1]Title 18 U.S.C. § 981(g), which became effective August 23, 2000, provides as follows:

6  (1)     Upon the motion of the United States, the court shall stay the civil forfeiture
7  proceeding if the court determines that civil discovery will adversely affect the ability
   of the Government to conduct a related criminal investigation or the prosecution of a
8  related criminal case. (Continued from previous page)

9  (2)     Upon the motion of a claimant, the court shall stay the civil forfeiture
10 proceeding with respect to that claimant, if the court determines that–

11        (A)     the claimant is the subject of a related criminal investigation or
                  case;
12        (B)     the claimant has standing to assert a claim in the civil forfeiture
                  proceeding; and
13        (C)     continuation of the forfeiture proceeding will  burden the right
                  of the claimant against self-incrimination in the related
14                investigation or case.

15 (3) With respect to the impact of civil discovery described in paragraphs (1) and (2),
   the court may determine that a stay is unnecessary if a protective order limiting
16 discovery would protect the interest of one party without unfairly limiting the ability of
   the opposing party to pursue the civil case.  In no case, however, shall the court impose
17 a protective order as an alternative to a stay if the effect of such protective order would
   be to allow one party to pursue discovery while the other party is substantially unable
18 to do so.
19 (4) In this subsection, the terms "related criminal case" and "related criminal
20 investigation" mean an actual prosecution or investigation in progress at the time at
   which the request for the stay, or any subsequent motion to lift the stay is made.  In
21 determining whether a criminal case or investigation is "related" to a civil forfeiture
   proceeding, the court shall consider the degree of similarity between the parties,
22 witnesses, facts, and circumstances involved in the two proceedings, without requiring
   an identity with respect to any one or more factors.
23
   (5) In requesting a stay under paragraph (1), the Government may, in appropriate
24 cases, submit evidence ex parte in order to avoid disclosing any matter that may
   adversely affect an ongoing criminal investigation or pending criminal trial.
25 (6) Whenever a civil forfeiture proceeding is stayed pursuant to this subsection, the
26 court shall enter any order necessary to preserve the value of the property or to protect
   the rights of lienholders or other persons with an interest in the property while the stay
27 is in effect.

28

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA

1    defendant bank account and the deposits in the account were made by Claimant Nicolas Munoz.

2    Even though criminal charges have not yet been filed against Nicolas Munoz with respect to the

3    alleged structured deposits of the defendant funds, the Government has made Nicolas Munoz

4    aware of the ongoing criminal investigation related to the defendant funds and Nicolas Munoz's

5    activities related to the defendant funds.  Additionally, Nicolas Munoz is currently indicted in

6    *United States v. Nicholas Munoz et al*, (CR 11-0500 SI), United States District Court, in the

7    Northern District of California.

8         5.  Pursuant to the above representations, and the provisions of 18 U.S.C. §§ 981(g)(1) and

9    (2), the parties hereby stipulate and agree to stay this civil forfeiture proceeding relating to the

10   defendant funds until the federal criminal investigation is completed, or until both parties agree

11   and stipulate that the stay be lifted, pursuant to 18 U.S.C. §§ 981(g)(1) and (2).

12   //

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA

6. The parties further stipulate and agree that they request this Court also vacate the presently scheduled Case Management Conference of December 8, 2011, 11:00 a.m.

 IT IS SO STIPULATED:

Dated: November 30, 2011                    /S/ _Arvon J. Perteet_
                                            ARVON J. PERTEET
                                            Assistant United States Attorney

Dated: November 30 , 2011                   /S/ _William Kimball_
                                            WILLIAM KIMBALL
                                            Attorney for Claimant Nicolas Munoz

Dated: November 30, 2011                    /S/ _Yolanda Munoz_
                                            YOLANDA MUNOZ
                                            Claimant

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ~~[PROPOSED]~~ ORDER

IT IS SO ORDERED on this _____1st_____ day of ___December___ 2011, that this civil

forfeiture proceeding be stayed until the completion of the criminal investigation or until such earlier

time as both parties agree or stipulate, or this Court, may request that the matter be heard.

IT IS FURTHER ORDERED that the presently scheduled Case Management Conference of

December 8, 2011, at 11:00 a.m. is vacated.   A further case managment conference will held on

March 29, 2012, at 11:00 a.m.

Dated:  December 1, 2011.

_____

William Alsup
UNITED STATES DISTRICT JUDGE

STIPULATED REQUEST FOR STAY
CV 11-1024 WHA